1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

10   KIMBERLY MACKEY,

11            Plaintiff,

12       v.

13   NANCY A. BERRYHILL, Acting
     Commissioner of Social Security,[1]

14            Defendant.

15

CASE NO. 2:16-CV-01199-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

16       Plaintiff Kimberly Mackey filed this action, pursuant to 42 U.S.C. § 405(g), for judicial

17   review of Defendant's denial of her applications for supplemental security income ("SSI") and

18   disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil

19   Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the

20   undersigned Magistrate Judge. *See* Dkt. 6.

21

22

23       [1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is
     substituted as Defendant for former Acting Commissioner Carolyn W. Colvin.  42 U.S.C. § 405(g); Fed. R. Civ. P.

24   25(d)(1).

1    After considering the record, the Court concludes the Administrative Law Judge ("ALJ")

2    failed to follow the District Court's previous order remanding this case. Had the ALJ properly

3    considered the previous remand order, the residual functional capacity may have included

4    additional limitations. Therefore, the ALJ's error is harmful. The Court also finds the ALJ failed

5    to provide specific and legitimate reasons for discounting the opinions of state agency consulting

6    doctors, Judy Martin, M.D. and Sean Mee, Ph.D. Accordingly, this matter is reversed and

7    remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social

8    Security ("Commissioner") for further proceedings consistent with this Order.

9                            FACTUAL AND PROCEDURAL HISTORY

10    In April of 2011, Plaintiff filed applications for DIB and SSI, alleging disability as of

11    October 31, 2009. *See* Dkt. 8, Administrative Record ("AR") 22. The applications were denied

12    upon initial administrative review and on reconsideration. *See* AR 22. On August 27, 2012, ALJ

13    M.J. Adams found Plaintiff not disabled. *See* AR 22-30. The Appeals Council denied Plaintiff's

14    administrative appeal, making the ALJ's decision the final decision of the Commissioner. *See*

15    AR 1-6, 20 C.F.R. § 404.981, § 416.1481. Plaintiff appealed to the United States District Court

16    for the Western District of Washington ("District Court"), which remanded the case for further

17    proceedings. *See* AR 526-27; *Mackey v. Colvin*, 2:13-CV-2278-MAT (W.D. Wash. June 23,

18    2014).

19    In compliance with the District Court's order, the Appeals Council provided specific

20    instructions for the ALJ on remand. *See* AR 39-42. Plaintiff received a second hearing before the

21    ALJ, and was again found not disabled on January 22, 2016. *See* AR 443-56, 463-95. Plaintiff's

22    request for review of the ALJ's decision was denied by the Appeals Council, making the January

23

24

1  2016 decision the final decision of the Commissioner. *See* AR 458-461; 20 C.F.R. § 404.981, §

2  416.1481. Plaintiff now appeals the ALJ's January 2016 decision.[2]

3  Plaintiff maintains the ALJ erred by failing to: (1) follow the instructions of the Appeals

4  Council on remand; and (2) properly consider the medical opinions of two state agency

5  consulting physicians. Dkt. 15, p. 1.

6  <u>STANDARD OF REVIEW</u>

7  Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

8  social security benefits if the ALJ's findings are based on legal error or not supported by

9  substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

10  Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

11  <u>DISCUSSION</u>

12  **I.      Whether the ALJ erred by failing to follow the directions of the Appeals Council
       on remand.**

13
14  Plaintiff contends the ALJ erred by failing to follow the directions of the Appeals Council

    after Plaintiff's case was remanded from the District Court. Dkt. 15, pp. 3-4.[3]

15  A.  <u>Legal Standard</u>

16  Under the rule of mandate, "the mandate of a higher court is controlling as to matters

17  within its compass." *Sprague v. Ticonic Nat'l Bank,* 307 U.S. 161, 168 (1939). A lower court is

18  generally "bound to carry the mandate of the upper court into execution and [may] not consider

19  the questions which the mandate laid at rest." *Id.* Similarly, under the law of the case doctrine,

20

21

22  [2] When stating "the ALJ's decision" throughout this Report and Recommendation, the Court is referring to
    the January 2016 decision.

23  [3] Defendant asserts the Appeals Council's order is not reviewable because it is not the final decision of the
    Commissioner. Dkt. 16, p. 3. Plaintiff, however, is not challenging the Appeals Council's decision; rather, she is
    challenging the ALJ's decision. *See* Dkt. 15, p. 3 (alleging the ALJ erred by failing to follow the instructions of the
    Appeals Council following the District Court's remand). Therefore, the Court is not persuaded by Defendant's
24  argument.

1  "[t]he decision of an appellate court on a legal issue must be followed in all subsequent

2  proceedings in the same case." *United States v. Cote*, 51 F.3d 178, 181 (9th Cir.1995) (*quoting*

3  *Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir.1993) (internal quotations omitted)).

4         Additionally, "as a general principle, the United States Supreme Court has recognized

5  that an administrative agency is bound on remand to apply the legal principles laid down by the

6  reviewing court." *Ischay v. Barnhart,* 383 F.Supp.2d 1199, 1213–1214 (C.D.Cal. 2005); *see*

7  *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989) (deviation from the court's remand order in the

8  subsequent administrative proceedings is itself legal error, subject to reversal on further judicial

9  review).

10             When a Federal court remands a case to the Commissioner for further
              consideration, the Appeals Council, acting on behalf of the Commissioner, may
11            make a decision, or it *may remand the case to an administrative law judge with
              instructions to take action and issue a decision* or return the case to the Appeals
12            Council with a recommended decision. If the case is remanded by the Appeals
              Council, the procedures explained in [20 C.F.R.] § 404.977 will be followed.

13  20 C.F.R. § 404.983 (emphasis added). Under 20 C.F.R. § 404.977, when a case is remanded to

14  the ALJ by the Appeals Council, the ALJ "shall take any action that is ordered by the Appeals

15  Council and may take any action that is not inconsistent with the Appeals Council's remand

16  order." 20 C.F.R. § 404.977. On remand, the ALJ must follow the specific instructions of the

17  reviewing court. *See Samples v. Colvin*, 103 F. Supp. 3d 1227, 1231–32 (D. Or. 2015).

18         B.  Analysis

19         Plaintiff's disability applications were denied by the ALJ on August 27, 2012. AR 22-30.

20  The Appeals Council declined review and the case was appealed to the District Court. *Mackey v.*

21  *Colvin*, 2:13-CV-2278-MAT (W.D. Wash. June 23, 2014). The parties filed a stipulation,

22  requesting the case be remanded to the Commissioner. AR 528-29. The District Court entered an

23  order reversing and remanding the case, with the following relevant instructions:

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

On remand, the Appeals Council will instruct the ALJ to weigh all medical opinions of record, including the opinions of the State's medical consultants and Jeffrey Nelson, M.D., articulating the weight assigned each opinion and the reasons for that weight with citation to evidence of record as appropriate.

AR 526.

The Appeals Council entered an order remanding the case to the ALJ for "further proceedings consistent with the order of the court." *See* AR 539-42. In the order, the Appeals Council found the ALJ erred by failing to properly consider the counseling notes of Cheryl May, a licensed mental health counselor. AR 541. The Appeals Council stated, "Although Ms. May's counseling notes contain few objective signs, they recount the claimant's reports of symptoms and limitations and must be considered in the weighing of Dr. Nelson's opinion." AR 541.[4] The Court finds the Appeals Council, following the direction of the District Court, instructed the ALJ to consider Ms. May's counseling notes when weighing Dr. Nelson's opinion.

On remand, the ALJ reconsidered Dr. Nelson's opinion. *See* AR 451-52. She, however, did not reference Ms. May's counseling notes when giving little weight to Dr. Nelson's opinion. *See* AR 451-52. While the ALJ referenced Ms. May's counseling notes when weighing Plaintiff's subjective symptom testimony, there is no evidence the ALJ considered the counseling notes when weighing Dr. Nelson's opinion. Without adequate citation to Ms. May's counseling notes when considering Dr. Nelson's opinion, the Court cannot meaningful review the ALJ's decision to determine if she properly followed the direction of the Appeals Council. The Court, therefore, cannot conclude the ALJ properly followed the directions of the District Court and Appeals Council on remand. Accordingly, the Court concludes the ALJ erred. *See Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (the "ALJ's written decision must state

---

[4] After detailing the errors related to Dr. Nelson's opinion, the Appeals Council directed the ALJ to "[g]ive further consideration to the treating and non-treating source opinions[.]" AR 541.

1 reasons for disregarding [significant, probative] evidence"); *Ischay*, 383 F.Supp.2d at 1217

2 (finding the ALJ erred when he failed to follow the Appeals Council's remand, which directed

3 the ALJ to conduct further proceedings consistent with the order of the court); *Trujillo v. Astrue*,

4 2011 WL 5870080, *6-7 (C.D. Cal. Nov. 22, 2011) (concluding remand was required when the

5 ALJ committed legal error by failing to follow the remand order of the district court and Appeals

6 Council); *Scott v. Barnhart*, 592 F.Supp.2d 360 (371-72 (W.D.N.Y. 2009) (finding the ALJ's

7 failure to comply with the Appeals Council's order after remand from the district court

8 constituted legal error and necessitated remand).

9     C. <u>Harmless Error Analysis</u>

10     "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674

11 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the

12 claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*

13 *Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674

14 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific

15 application of judgment" by the reviewing court, based on an examination of the record made

16 "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at

17 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

18     Here, the ALJ gave no weight to Dr. Nelson's opinion. *See* AR 451-52. If the ALJ

19 followed the directions of the Appeals Council and properly considered Ms. May's counseling

20 notes, the ALJ may have given more weight to Dr. Nelson's opinion. For example, Dr. Nelson

21 opined Plaintiff would be "off task" for twenty-five percent or more of each workday. AR 375.

22 The ALJ found this limitation was not supported by Dr. Nelson's treatment notes, but it is

23 unclear if the ALJ also considered Ms. May's counseling notes in reaching her conclusion. *See*

24

AR 451. In the residual functional capacity ("RFC") determination, the ALJ did not limit Plaintiff to being "off task" 25% or more of the workday. *See* AR 448. Had the ALJ followed the instructions of the Appeals Council on remand, Dr. Nelson's opinion may have been given more weight, the RFC may have included additional limitations, including limitations regarding Plaintiff's productivity, and the ultimate disability determination may have changed. Therefore, the ALJ's error is not harmless.

II. **Whether the ALJ erred by failing to properly consider the opinions of two state agency consulting physicians.**

Plaintiff asserts the ALJ failed to properly consider the medical opinions of two state agency consulting physicians, Drs. Judy Martin, M.D., and Sean Mee, Ph.D. Dkt. 15, pp. 4-7.

A. Legal Standard

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

The ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (*citing Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996)); *Andrews*, 53 F.3d at 1041). However, all of

1  the determinative findings by the ALJ must be supported by substantial evidence. *See Bayliss*,

2  427 F.3d at 1214 n.1 (*citing Tidwell*, 161 F.3d at 601); *see also Magallanes*, 881 F.2d at 750

3  ("Substantial evidence" is more than a scintilla, less than a preponderance, and is such "relevant

4  evidence as a reasonable mind might accept as adequate to support a conclusion").

5     B.  Opinions of Drs. Martin and Mee

6        On June 21, 2011, Dr. Martin reviewed the medical evidence and opined as to Plaintiff's

7  functional limitations. *See* AR 82-91. Dr. Mee opined to the same functional limitations as Dr.

8  Martin, essentially affirming Dr. Martin's findings, on September 1, 2011. AR 114-123. Drs.

9  Martin and Mee determined Plaintiff has severe impairments of alcohol, substance addiction

10  disorders and anxiety disorders. AR 85, 117. The doctors found Plaintiff moderately limited in

11  areas of understanding and memory, sustained concentration and persistence, social interactions,

12  and adaptation. AR 87-89, 119-21. They opined, with sobriety and treatment compliance,

13  Plaintiff would be able to understand, remember, and execute simple, repetitive tasks and could

14  sustain simple, repetitive tasks for up to two consecutive hours with normal breaks for an eight-

15  hour workday and forty-hour workweek. AR 87-88, 119-20. Drs. Martin and Lee also found

16  Plaintiff would have occasional interruptions in pace and performance due to her symptoms, but

17  could still be productive. AR 88, 120.

18     C.  ALJ's Findings

19        In discussing the opinions of Drs. Martin and Mee, the ALJ stated:

20     Judy Martin, M.D., reviewed the record and assessed the claimant in June 2011.
       She concluded that the claimant is able to sustain simple, repetitive tasks for up to
21     two hours at a time and sustain the tasks for an eight-hour workday and 40 hour
       workweek, with normal breaks. (1) However, she also found that the claimant will
22     have occasional interruptions, which is inconsistent with the ability to sustain
       work throughout a full workday and workweek. (2) In addition, Dr. Martin
23     assessed the claimant's abilities "with sobriety and treatment compliance" but
       failed to discuss how the claimant would function while using alcohol and not

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8

1    receiving treatment. This gives her opinions limited value. (3) I also note that the
2    (sic) Dr. Martin's review took place before most of the evidence of record was
     added to the claimant's file. Therefore, she did not have the full picture of the
3    claimant's mental health. As a result, I give limited weight to this assessment.

4    Sean Mee, Ph.D., reviewed the claimant's file for DDS in September 2011 and
     affirmed Dr. Martin's findings. I give his opinions limited weight for the same
     reasons stated for Dr. Martin's assessment.

5
AR 452 (internal citations omitted, numbering added).

6
     "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing
7
nothing more than ignoring it, asserting without explanation that another medical opinion is more
8
persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his
9
conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (*citing Nguyen v.*
10
*Chater*, 100 F.3d 1462, 1464 (9th Cir.1996)). As the Ninth Circuit has stated:
11
12       To say that medical opinions are not supported by sufficient objective findings or
         are contrary to the preponderant conclusions mandated by the objective findings
13       does not achieve the level of specificity our prior cases have required, even when
         the objective factors are listed seriatim.  The ALJ must do more than offer his
14       conclusions. He must set forth his own interpretations and explain why they,
         rather than the doctors', are correct.

15   *Embrey*, 849 F.2d at 421-22 (internal footnote omitted).

16       The ALJ provided three conclusory reasons for giving little weight to the opinions of Drs.

17   Martin and Mee. *See* AR 452. She failed to provide her interpretation of the evidence and she did

18   not provide a detailed explanation as to why the opinions should be rejected. First, the ALJ failed

19   to explain why Drs. Martin and Mee's finding that Plaintiff would have occasional interruptions

20   in pace and performance, but still remain productive, was inconsistent with sustaining work

21   throughout a full workday and workweek. Second, the ALJ failed to adequately explain why the

22   doctors' failure to discuss Plaintiff's functional limitations while using alcohol invalidated their

23   opinions. Third, the ALJ stated the doctors did not have a full picture of Plaintiff's mental health

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 9

1    because their opinions were completed prior to most of the evidence being added to Plaintiff's

2    file, but the ALJ failed to specify what additional evidence in the record contradicted the

3    opinions. *See* AR 452.

4           Without an adequate explanation, it is unclear why the fact Drs. Martin and Mee's

5    opinions were completed prior to most of the evidence being added to Plaintiff's file would

6    warrant giving limited weight to the opinions. The three vague, conclusory statements rejecting

7    the opinions of Drs. Martin and Mee do not reach the specificity necessary to justify rejecting the

8    opinions and are insufficient for this Court to determine if the ALJ properly considered the

9    evidence. Therefore, the ALJ erred. *See Embrey*, 849 F.2d at 421-22 ("it is incumbent on the

10   ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians'

11   findings[;]" conclusory reasons do "not achieve the level of specificity" required to justify an

12   ALJ's rejection of an opinion); *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an

13   ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in

14   the record was "broad and vague, failing to specify why the ALJ felt the treating physician's

15   opinion was flawed").

16          Plaintiff does not allege the ALJ's error is harmful. *See* Dkt. 15, pp. 4-7. However, the

17   Court concludes the ALJ committed harmful error when she failed to follow the instructions of

18   the Appeals Council after the District Court remanded this case. *See* Section I, *supra*. Therefore,

19   on remand, the ALJ is directed to re-evaluate the opinions of Drs. Martin and Mee. If the ALJ

20   rejects the opinions on remand, she must provide specific and legitimate reasons supported by

21   substantial evidence for doing so.

22

23

24

**III.    Whether counsel has shown cause for failing to comply with the Court's Order to Show Cause.**

On October 13, 2016, the Court ordered Plaintiff to comply with Rule 4(*l*)(1) and provide proof of service of the Complaint to the Court on or before October 27, 2016 ("Order to Comply"). Dkt. 10. Plaintiff failed to comply with the Order to Comply and the Court ordered Plaintiff to show cause ("Order to Show Cause") why sanctions should not be imposed for the failure to comply with the Order to Comply. Dkt. 11.

Counsel for Plaintiff filed a response to the Order to Show Cause, stating he failed to comply with the Order to Comply due to a personal emergency involving the death of a close friend. Dkt. 12. The Court finds Plaintiff has shown cause for the failure to comply with the Order to Comply and will not impose sanctions.

<u>CONCLUSION</u>

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 22nd day of February, 2017.

David W. Christel
United States Magistrate Judge